CHARLES M. WILKINSON v. MINNEAPOLIS & ST. LOUIS RAILROAD COMPANY.[1]

August 7, 1908.

Nos. 15,678—(155).

**Contributory Negligence.**

A fireman, whose duty it was to clean out an ash pan under a locomotive, and who could select his own time and place for doing the work, went under the engine just after the switching had been done at a station and the train made up, without notifying the conductor or brakeman of what he was doing. Some one, presumably the conductor or brakeman, connected the air in such a manner as to force the piston rod down on the fireman's leg, which unnecessarily had been placed in a position to be caught. *Held*, that the fireman was guilty of contributory negligence, and that the trial court properly ordered judgment for the defendant notwithstanding the verdict for the plaintiff.

Action in the district court for Freeborn county to recover $2,250 for personal injuries. The case was tried before Kingsley, J., and a jury, which rendered a verdict in favor of plaintiff for $500. From an order granting a motion for judgment in favor of defendant notwithstanding the verdict, plaintiff appealed. Affirmed.

*Morgan & Meighen,* for appellant.

*John I. Dille, N. E. Peterson* and *Geo. W. Seevers,* for respondent.

[1] Reported in 117 N. W. 611.

ELLIOTT, J.

In a personal injury action the plaintiff recovered a verdict, but the court set it aside and ordered judgment for the defendant. From that order the plaintiff appealed to this court.

An examination of the record satisfies us that the order of the trial court was correct. It is more than doubtful whether any negligence on the part of the defendant was shown, and it very clearly appears that the plaintiff was guilty of contributory negligence.

There is no real controversy as to any of the facts. The appellant, Wilkinson, was a locomotive fireman in the employ of the Minneapolis & St. Louis Railroad Company. At the time of the accident he was working on a local freight train running between Albert Lea and Minneapolis. On December 3, 1906, while at Waseca, he went under the engine for the purpose of cleaning out the ash pan, and while there some one so manipulated the air apparatus as to cause a piston rod to plunge down and injure him. The negligence alleged was the turning on of the air while the appellant was under the engine, without warning him and giving him an opportunity to protect himself.

There were twenty four stations between Albert Lea and Minneapolis, and this engine did all the switching at each station. The air was connected at each station after the switching was done and the train was ready to start, and at no other time. The train had been switching at Waseca for about two hours, and the work was practically completed and the train ready to proceed on its journey when Wilkinson decided to clean out the pan. This work could be done at any time when most convenient to him. The time, place, and manner of doing it was under his control, and he was supposed to do it under circumstances when there would be no danger to himself. Instead of selecting a proper time, he waited until they were through switching and the train was almost ready to start, and then neglected to notify either of the men who were in charge of the work which made the place dangerous, and who had no reason for knowing that the fireman was under the engine or was liable to be there. The manner in which the air was handled cannot be considered negligent, unless the men in charge had such knowledge. The engineer knew what Wilkinson was doing; but he was engaged in his own work, and may well have as-

sumed that Wilkinson had taken the precautions necessary for his own safety. He had nothing to do with the work of switching or connecting the air, and his knowledge of the fact that Wilkinson was in a place of danger cannot be imputed to the men who were handling the train.

Nor did the appellant exercise proper care for his own safety after he got under the engine. The space between the rails was planked, and the planks were an inch or two below the top of the rails. In front of the open space where he was working, and in the direction of his feet, an iron brake beam extended across the engine at right angles with the rails and between the two drive-wheels. The piston rod connected with the air brake was almost directly above this beam at a point half way between the rails. When the air was turned on, as it was in this instance, the piston rod extended down sufficiently near the brake beam to catch and injure the appellant's foot. At the time of the accident the appellant was on the plank, with one leg under and the other over the center of the brake beam, with his foot under the piston rod. He was lying somewhat on his side. It was a difficult place in which to work, but the conditions did not require him to place his foot in that dangerous position. It was probably an easier position; but that fact did not justify him in taking the chance of injury, when he must have known that the train was about to be connected up by the trainmen and that they were not aware of the fact that he was under the engine.

The order of .the trial court is therefore affirmed.